UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**BRADLEY TODD BLANTON**                                                     **PLAINTIFF**

v.                                                           **CIVIL ACTION NO. 4:22-CV-P20-JHM**

**GREYHOUND LINES, INC.** *et al.*                              **DEFENDANTS**

**MEMORANDUM OPINION**

This is a *pro se* civil action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e) since Plaintiff is proceeding *in forma pauperis*. For the reasons set forth below, this action will be dismissed.

**I.**

Plaintiff Bradley Todd Blanton is incarcerated at Hopkins County Jail (HCJ). In the caption of the complaint, Plaintiff lists two Defendants - Greyhound Lines, Inc., located in Dallas, Texas, and Nation Union Fire Insurance, located in New York, New York. In the "Defendants" section of the complaint form, Plaintiff also lists "Greyhound Lines Nashville (TN)"; "Greyhound Lines Bus Driver"; and "Bus Transportation Greyhound Lines, Inc., Denver, Colorado, Owner CEO Company."

Plaintiff first states that he has filed a previous lawsuit dealing with the same facts involved in this action in California. He states that he hired "Slatter Law" to represent him in 2020 and that he is "after new lawyer would like to fire Slatter Law above please." Plaintiff indicates that he filed an additional lawsuit in Denver, Colorado on "Nov 2014 or so" regarding another wreck on a Greyhound passenger bus.

In the "Statement of Claims" section of the complaint, Plaintiff writes:

On August 19, 2019, leaving Greyhound Station in LA, CA at around 12:30 or so I don't have my ticket on hand at house . . . . We were going to Bakersfield, CA I had a ticket from Hopkins County, KY 42431. But while entering the County of Kern County CA of Bakersfield . . . my Greyhound collided in to a truck at a speed greater than Fifty Five Mile an hour while in a work zone . . . .

My back smacked in to the arm rest between the seats I went to hospital two weeks after crash. The Bus hit truck and truck hit another car and Bus, slammed breaks at 65-70 miles and than I hit and smack my spine on arm rest . . . .

I was pissing, blood, and craping black stool samples so I went to an ER . . . and had CT scan's done. . . . My CT scans reviled that during the cash I abtained a bulge disk. My L1 to 14 has inermeadite [] fracture and compression fracture. My spine is broke. Injurys are permanent. I went to prison before going to pain clinic, like doctor told me . . . .

Once I made it back to Kentucky, I was at "Lagrang Roder Correctional." I got my jaw broke. I had to have a titanium jaw placed in. . . . The University of Louisville, Ky Hospital done full body x-rays and cat scan and CT scans before the surgery. And made medical notes on my spine in 2020, Sep. When you get me new lawyer to help I'll sign another Hippa. The Doctor at "lagrange" told me about the severity of my injurys while in prison. My spine hurts and needs more medical treatment. He told me I would not be able to left more than ten pounds. He also stated I was physically disabled . . . .

When I was released I had a problem. I got drunk and had to go to Baptist Health in Madisonville, Ky. I was in ICU . . . I was released on Sep 11, 2021. . . . There are medical records . . . that can be looked over on crash from Bakersfield in 2019 from my lawsuit with Slatter Law firm in the matter to obtain a Better lawyer now cause I know more than he does. Like National Union Fire Insurance coverag for Greyhound Lines is 500 billion dollars.

But during 2018 I left Washington DC and I was in Nashville, TN Greyhound Bus station and while there there was plastered over the news and medica alligey having a bomb [illegible] released on me and I know that defamation or person I want punitive damages as relief. I was on National News during a federal invistagation on a crime [illegible], and every one seen me as a terrorist . . . .

During 2014 like I was saying I was also in a bus wreck on greyhound in Valla falls, CO. The bus [] slid on ice and are bus about went off the cliff the guard rail saved us. But they switched bus's, 24 hour lay over. In Denver, CO, people went to Emengcy Room and came back on ambulance But I was on a bus back from Bakersfield, CA to Madisonville, KY. I had ticket swapped I know I read over this and found out that the Greyhound payed lawsuits. Like Livingston vs. Greyhound.

2

> I was on that, and they set caps per bus load. I never got my money from that bus collision . . . and that has been 8 years ago. . . . But if not a new lawyer will be able to check on paperwork cause people stole mail . . . . But my body hurts and I'm in pain from back and bladder and disc and going to have surgery . . . .

As relief, Plaintiff seeks damages.

## II.

Venue in a civil case is determined by 28 U.S.C. § 1391(b). This statute aims to place suits in the judicial district most connected to the parties or the events giving rise to the action. The venue statute provides that:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

According to 28 U.S.C. § 1406(a):

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Regarding improper venue, another court has observed as follows:

> The decision to dismiss or transfer an action under 28 U.S.C. § 1406(a) lies with the sound discretion of the Court. *See First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998). Although courts generally refrain from sua sponte dismissal for improper venue, such dismissal is properly within the court's discretion in certain circumstances. *Johnson v. Christopher*, 233 Fed. Appx. 852, 853-54 (10th Cir. 2007) (affirming district court's sua sponte dismissal without prejudice pursuant to § 1406(a) when proper venue is located in the Northern District of Oklahoma and case is filed in the Eastern District of Oklahoma in lieu of transferring action to the Northern District); *Davis v. Reagan*, 872 F.2d 1025 (Table), [published in full-text format at 872 F.2d 1025, 1989 U.S. App. LEXIS 5238] [](6th Cir. 1989) (affirming sua sponte pre-service dismissal on grounds of improper venue when case filed in Tennessee and proper venue in the Western District of Pennsylvania); *Day v. City of Galveston*, 480 Fed. Appx. 119, 121 (3d Cir. 2012) (sua sponte dismissal for improper venue harmless error when there is no conceivable basis for venue in the Eastern District of Pennsylvania and there is

3

>no indication that transferring instead of dismissing might be in the interests of justice). . . .
>
>As reflected by the cases cited above, such sua sponte dismissals occur even in actions brought by *pro se* plaintiffs, who normally receive the benefit of liberal pleading construction.

*Walton v. Jones*, 2:17-CV-13078-TGB, 2018 U.S Dist. LEXIS 146962, at *3-4 (E.D. Mich. Aug. 29, 2018).

Moreover, courts have specifically held that an action may be dismissed on venue grounds under § 1915 when improper venue is "'obvious from the face of the complaint and no further factual record is required to be developed.'" *Cox v. Rushie*, No. 13-11308-PBS, 2013 U.S. Dist. LEXIS 86794, at *15 (D. Mass. June 18, 2013) (quoting *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006)).

Here, although Plaintiff is currently incarcerated in this district, and may permanently reside here, no Defendant resides, is headquartered, or is incorporated in the Western District of Kentucky, and no property located in the Western District of Kentucky is the subject of this action. Thus, for venue to be proper in this Court, a substantial part of the events or omissions giving rise to Plaintiff's claims must have occurred in the Western District of Kentucky. Although the complaint is not a model of clarity, and Plaintiff therein mentions incidents that occurred in Kentucky, the Court construes it as seeking damages for injuries Plaintiff sustained in a bus wreck in Colorado, a bus wreck in California, and for a broadcast Plaintiff viewed in Nashville, Tennessee, which Plaintiff asserts labeled him as a terrorist.[1,2]

---

[1] To the extent that Plaintiff is asking the Court to appoint him counsel for the lawsuit he has filed in California, he cites no statute which would give this Court the authority to take such action.

[2] Based upon the Court's reading of the complaint, Plaintiff mentions various incidents which happened in Kentucky and led to him being hospitalized to advise the Court where medical records are located which will show how seriously he was injured in one of the out-of-state bus wrecks about which he complains.

4

For the foregoing reasons, the Court concludes that Plaintiff has failed to establish that venue is proper in this Court. Because multiple jurisdictions are involved, the Court declines to transfer this action to a particular jurisdiction and will instead dismiss this action without prejudice by separate Order. Plaintiff may refile this case in a proper venue.

Date:  May 18, 2022

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
4414.011